## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JULIE BRANCH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. _____ |
| V. ) | |
| ) | |
| DEATON FLEET SOLUTIONS CORP. ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, by and through counsel, brings this action and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e et seq.*

2. Defendant Deaton Fleet Solutions Corp. ("Defendant" hereafter) is corporation organized in Nevada with its principal office located in Minnesota.

3. Defendant maintains and operates offices in Georgia, and has a designated Georgia registered agent, CT Corporation System, located at 289 South Culver Street, Lawrenceville, GA 30046 in Gwinnett County.

4. This Court has general personal jurisdiction over Defendant because Defendant committed all the acts of employment discrimination alleged herein within its Georgia offices and in furtherance of its business operations within the State of Georgia and more specifically the Northern District of Georgia.

5. Venue is properly laid in this district pursuant to *28 U.S.C. § 1391(b)*.

## **CONDITIONS PRECEDENT TO SUIT**

6. Plaintiff has complied with all the prerequisites to an action under Title VII:

    a. On or about November 19, 2021, Plaintiff timely filed a charge for the discrimination alleged in this complaint with the Equal Employment Opportunity Commission ("EEOC").

    b. On or about June 28, 2022, the EEOC mailed notice to Plaintiff of the termination of any further processing of this charge of employment discrimination and gave Plaintiff a right-to-sue letter, permitting plaintiff the right to institute this action within 90 days of the receipt of her Notice of Right to Sue.

    c. Plaintiff filed this action within 90 days of receipt of her Notice of Right to Sue.

## **CLAIM FOR RELIEF**

7. Plaintiff is a citizen of the United States and a resident of Bartow County, Georgia.

8. Upon information and belief Defendant has more than 100 employees among its Georgia offices alone.

9. Plaintiff was employed by Defendant as a Service Administrator for a period of approximately nine months from January 13, 2021 until October 12, 2021.

10. Plaintiff worked at Defendant's office located at 10 E. Mitchell Road, Adairsville, GA 30103 under the direct supervision of manager, Barry Bennett.

11. Unbeknownst to Plaintiff at the time she was hired, Mr. Bennett was a registered sex offender as a result of a 2001 conviction for child molestation.

12. During her employment, Mr. Bennett began a course of conduct of sex-based harassing, demeaning, and controlling behavior with the intent of intimidating Plaintiff and coercing her into a sexual relationship, including the following specific acts:

    a. asking Plaintiff to wear a maid's outfit on multiple occasions.

    b. asking Plaintiff if a co-worker brought her a "hard-one" with intentional sexual inuendo after she got tacos for lunch.

    c.    asking to meet with Plaintiff after-hours and instructing her not to forget the maid's outfit.

    d.    calling Plaintiff a "cougar" on multiple occasions.

    e.    jealously demanding to know the subject of any conversation Plaintiff had with another man.

    f.    using the company surveillance system to track Plaintiff's whereabouts constantly.

    g.    referring to Plaintiff as his "new eye candy."

    h.    telling Plaintiff that women with kids should stay at home and shouldn't have jobs.

    i.    attempting to look down Plaintiff's shirt at her breasts on several occasions, often stating "I saw it that time!"

    j.    soliciting hugs from Plaintiff.

    k.    implying Plaintiff to be sexually promiscuous in conversations with co-workers and customers.

    l.    commenting on the tight fit of Plaintiff's pants.

    m.    stating his compulsion to smack Plaintiff on the butt when she was bent over in the office, "like he does to his wife and daughter at home."

    n.    telling Plaintiff's husband that he believed something was going on [romantically] between Plaintiff and the regional manager.

    o.    joking that Plaintiff could trade sex for her rent.

13. By September 22, 2021, Plaintiff's workplace environment was so unbearable that she made a formal written complaint by email to the company

human resources officer.  This followed prior informal complaints there went unaddressed.

14. After a half-hearted "investigation" that didn't even speak with any of Plaintiff's corroborating witnesses, Defendant refused to terminate or move Mr. Bennett to a different location.

15. Instead, Defendant offered to transfer Plaintiff to a work location in Rome, Georgia that would have added more than an hour to her daily commute times.

16. This remedy was not acceptable to Plaintiff, and when she asked for an alternative remedy, she was told by Nick Maclemore that nothing she said or did would change her options.

17. With Defendant unwilling to make a reasonable accommodation to remedy the hostile work environment, Plaintiff was constructively terminated culminating in her resignation on or about October 12, 2021.

**COUNT I – SEX BASED DISCRIMINATION**

18. Defendant, by and through the acts above, has discriminated against the Plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

## COUNT II – NEGLIGENT HIRING AND RETENTION

19. Defendant owed a duty to exercise reasonable care in the hiring and retention of Barry Bennett.

20. Defendant knew or should have known that Mr. Bennett was a registered sex offender as a result of having been convicted of child molestation.

21. Defendant knew or should have known that Mr. Bennett exhibited behavior that indicated he was not rehabilitated and continued to pose a threat to any female co-workers such as Plaintiff.

22. Defendant breached the duty owed to Plaintiff both when it hired and when it retained Mr. Bennett following Plaintiff's complaint of sexual discrimination and sexually intimidating behavior.

23. Defendant's breach directly and proximately caused mental anguish and damages to Plaintiff for which Defendant is liable.

24. This Court has supplemental subject matter jurisdiction to hear this state law claim.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands the following relief:

(a) Full compensatory and consequential damages, including back pay and front pay, and lost benefits;

(b) Exemplary and punitive damages to the full extent permitted by statute and common law;

(c) Damages for mental pain and anguish;

(d) Reasonable Attorney's fees and expenses;

(e) Pre-suit, pre-judgment, and post-judgment interest;

(f) All costs and disbursements;

(g) All other relief that is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so able to be tried.

RESPECTFULLY SUBMITTED THIS 26th DAY OF SEPTEMBER, 2022.

         **MCCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP**

         /s/ Nathan D. Lock
         Nathan D. Lock
         Georgia Bar No. 948780
         nlock@mccamylaw.com
         *Attorney for Plaintiff*
         P.O. Box 1105
         Dalton, Georgia 30722-1105

Telephone: (706) 278-4499
Fax: (706) 529-8814

In accordance with Local Rule 5.1 (C) (3), counsel hereby certifies that the formatting for filing herein is Times New Roman, 14 point.